IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| QWAREEM JAMAR TAYLOR,<br><br>Plaintiff,<br><br>v.<br><br>CAMDEN COUNTY CORRECTIONAL FACILITY; WARDEN DAVID OWENS,<br><br>Defendants. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 16-09224(JBS-AMD)<br><br>**OPINION** |

APPEARANCES:
Qwareem Jamar Taylor, Plaintiff Pro Se
893358 340293C
Kintock
3 West Industrial Blvd.
Bridgeton, NJ 08302

**SIMANDLE, Chief District Judge:**

I.  INTRODUCTION

　　Plaintiff Qwareem Jamar Taylor seeks to bring a civil rights complaint pursuant to 42 U.S.C. § 1983 against Warden David Owens of the Camden County Correctional Facility ("CCCF").[1] Complaint, Docket Entry 1.

---

[1] The complaint's caption reads: "Camden County Correctional Facility (Warden) David Owens[,] Freeholders," but in ¶ 4 of the complaint, Plaintiff lists the "first"—and only—defendant as "David Owens," thus creating some confusion as to Plaintiff's intended defendants. Plaintiff's case has therefore been docketed with the CCCF and Warden David Owens as named defendants. Because the CCCF is not a person subject to suit under § 1983 in any event, *see Crawford v. McMillian*, 660 F. App'x 113, 116 (3d Cir. 2016) (citing *Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir. 1973), and because Plaintiff has neither

At this time, the Court must review the complaint, pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, it is clear from the complaint that the claim arose more than two years before the complaint was filed. It is therefore barred by the two-year statute of limitations that governs claims of unconstitutional conduct under 42 U.S.C. § 1983. The Court will therefore dismiss the complaint with prejudice for failure to state a claim. 28 U.S.C. § 1915(e)(2)(b)(ii).

## II. BACKGROUND

Plaintiff alleges that he was detained in the CCCF from February 1, 2013, to July 30, 2014. Complaint ¶ 6. He further states: "The Camden County Jail was very over crowded and filthy and I was placed to sleep on the urinated, mice infested floors with unknown bugs and critters all over the place. I was in a two (2) man cell with three (3) to four (4) other inmates. While I was sleeping of [sic] the infested, urinated floors the trays

---

included the Freeholders in ¶ 4 of the complaint nor made any allegations regarding the Freeholders anywhere in the complaint, the Court construes the complaint as seeking to state a claim against Warden David Owens rather than CCCF or the Freeholders. These issues do not affect the resolution of this matter, however.

that we ate off of were being slide [sic] in the rooms next to other inmates and the toilets until we ot them and there was a table in the room which the trays of food could have been placed on. The correction officers most of the time denied us inmates cleaning supplies and disinfectent [sic] to sterilize the rooms and floors." *Id.*

**III. STANDARD OF REVIEW**

Section 1915(e)(2) requires a court to review complaints prior to service of the summons and complaint in cases in which a plaintiff is proceeding *in forma pauperis*. The Court must *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff is proceeding *in forma pauperis*.

To survive *sua sponte* screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308

3

n.3 (3d Cir. 2014). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

**IV. DISCUSSION**

Plaintiff's complaint alleges that he experienced unconstitutional conditions of confinement while he was detained in the CCCF from February 1, 2013, to July 30, 2014. Civil rights claims under § 1983 are governed by New Jersey's limitations period for personal injury and must be brought within two years of the claim's accrual. *See Wilson v. Garcia*, 471 U.S. 261, 276 (1985); *Dique v. New Jersey State Police*, 603 F.3d 181, 185 (3d Cir. 2010). "Under federal law, a cause of action accrues 'when the plaintiff knew or should have known of the injury upon which the action is based.'" *Montanez v. Sec'y Pa. Dep't of Corr.*, 773 F.3d 472, 480 (3d Cir. 2014) (quoting *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009)).

The allegedly unconstitutional conditions of confinement at CCCF, namely the alleged overcrowding and unsanitary conditions, would have been immediately apparent to Plaintiff at the time of his detention; therefore, the statute of limitations for Plaintiff's claims expired on July 30, 2016, before this

complaint was filed on November 16, 2016.² Plaintiff has filed his lawsuit too late. Although the Court may toll, or extend, the statute of limitations in the interests of justice, certain circumstances must be present before it can do so. Tolling is not warranted in this case because the state has not "actively misled" Plaintiff as to the existence of his cause of action, there are no extraordinary circumstances that prevented Plaintiff from filing his claim, and there is nothing to indicate Plaintiff filed his claim on time but in the wrong forum. *See Omar v. Blackman*, 590 F. App'x 162, 166 (3d Cir. 2014).

As it is clear from the face of the complaint that more than two years have passed since Plaintiff's claims accrued, the complaint is dismissed with prejudice, meaning he may not file an amended complaint concerning the events of February 1, 2013, to July 30, 2014. *Ostuni v. Wa Wa's Mart*, 532 F. App'x 110, 112 (3d Cir. 2013) (per curiam) (affirming dismissal with prejudice due to expiration of statute of limitations).

---

² Plaintiff's complaint was docketed by the Clerk as filed on December 14, 2016. However, Plaintiff signed the complaint on November 16, 2016, while he was incarcerated. Giving Plaintiff the benefit of the "prisoner mailbox rule," the Court deems the complaint as having been filed on the date on which Plaintiff signed it. *See Houston v. Lack*, 487 U.S. 266, 276 (1988). However, this still places the filing of the complaint outside of the statute of limitations for Plaintiff's claims.

5

## V. CONCLUSION

For the reasons stated above, the complaint is dismissed with prejudice for failure to state a claim. An appropriate order follows.

**May 9, 2017**               **s/ Jerome B. Simandle**
Date                          JEROME B. SIMANDLE
                              Chief U.S. District Judge